UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COSBY,<br><br>        Plaintiff,<br><br>    v.<br><br>CHICAGO POLICE OFFICER GABRIEL RODRIGUEZ (#12737) and CITY OF CHICAGO,<br><br>        Defendants. | Case No. 1:23-cv-02236<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT OFFICER'S RULE 37(a) MOTION TO COMPEL
PLAINTIFF'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES,
RESPONSE TO NOTICE TO PRODUCE, AND FOR RECORDS**

NOW COMES Defendant GABRIEL RODRIGUEZ ("Defendant Officer"), by and through his counsel, Steven B. Borkan, Timothy P. Scahill, Whitney N. Hutchinson, Graham P. Miller and Hilary L. Jabs of BORKAN & SCAHILL, LTD., and pursuant to Fed. R. Civ. P. 37(a) moves this Court for an order compelling discovery responses and records. In support thereof, Defendant Officer states as follows:

1. On July 12, 2023, Defendant Officer served Plaintiff with his First Set of Interrogatories and First Set of Requests to Produce pursuant to Federal Rules of Civil Procedure 33 and 34. *See* Defendant Officer's Interrogatories, Request to Produce, Certificate of Service and July 12, 2023 email correspondence attached as Exhibit A. The original deadline for Plaintiff's answers, responses and records was August 9, 2023.

2. On August 4, 2023, Plaintiff requested a thirty (30) day extension to respond to written discovery, which Defendant Officer agreed to, setting the new deadline for Plaintiff's

1

answers, responses and records to September 8, 2023. *See* Plaintiff's correspondence attached as <u>Exhibit B</u>.

3. On August 29, 2023, Plaintiff requested a second extension to respond to written discovery and produce records by September 15, 2023, to which Defendant Officer agreed. *See* Plaintiff's correspondence attached as <u>Exhibit C</u>.

4. On September 15, 2023, Plaintiff produced Answers to Interrogatories and certain records Bates stamped 00083-00456, which included transcripts of Independent Monitor Listening Sessions, written comments by individuals on the summer of 2020 protests filed before Judge Dow, and medical records. Plaintiff failed to produce his Response to Requests to Produce and failed to produce most of the records requested.

5. On October 23, 2023, Defendant Officer issued correspondence to Plaintiff through counsel confirming Plaintiff has still failed to produce his Response to Requests to Produce and the requested records, and that Defendant Officer will in good faith commence the 37.2 process. *See* Defendant Officer's correspondence attached as <u>Exhibit D</u>.

6. On November 2, 2023, Defendant Officer issued a 37.2 correspondence detailing all the deficiencies in Plaintiff's discovery production to date, which included that Plaintiff failed to produce his Response to Requests to Produce and records, along with the following notable deficiencies in Plaintiff's Answers to Interrogatories:

    a. Plaintiff included boilerplate "General Objections" to the entire set of Interrogatories issued in direct violation of Fed. R. Civ. P. 33(b)(4);

    b. Plaintiff individually objected to almost every interrogatory issued, and all answers provided subject to said objection were ambiguous as to whether the answers provided were partial or complete answers;

    c. Plaintiff failed to state whether any information was being withheld on the basis of the asserted objection;

      d.      Plaintiff failed to produce a privilege log identifying what information is being withheld subject to his objections on the basis of attorney-client privilege and work product doctrine; and

      e.      Plaintiff refused to provide certain medical information and all mental health information relating to his claimed injuries.

Defendant Officer requested Plaintiff's availability for a 37.2 conference and demanded Plaintiff's compliance with Fed. R. Civ. P. 34 and to produce his Response to Request to Produce within seven days or on or before November 9, 2023. *See* Defendant Officer's 37.2 correspondence and email attached as <u>Exhibit E</u>.

    7.    On November 7, 2023, Defendant Officer followed up with Plaintiff through counsel on scheduling the 37.2 conference. On November 8, 2023, Plaintiff responded confirming Plaintiff's Supplemental Answers to Interrogatories and Response to Request to Produce would be produced by November 15, 2023. *See* email correspondence attached as <u>Exhibit F</u>.

    8.    Plaintiff failed to produce his supplemental answers, responses, and records by November 15, 2023.

    9.    On November 30, 2023, Defendant Officer sent email correspondence to Plaintiff through counsel providing an additional extension until December 8, 2023. *See* email correspondence attached as <u>Exhibit G</u>.

    10.    On December 8, 2023, Plaintiff produced his supplemental Answers to Interrogatories and his Response to Requests to Produce, however, Plaintiff labeled his Response as answering the City of Chicago's Request to Produce and provided mislabeled responses to only 30 out of 33 requests. On December 11, 2023, Plaintiff produced a corrected Response to Defendant Officer's Requests to Produce.

11. As Plaintiff's Supplemental Answers, Response to Request to Produce, and record production did not address the severe deficiencies outlined in Defendant Officer's 37.2 correspondence, the parties scheduled a 37.2 conference for December 18, 2023.

12. After the parties' 37.2 conference, Defendant Officer sent an email memorializing the parties' agreement. *See* 37.2 conference agreement attached as Exhibit H. Plaintiff agreed to provide second supplemental answers to interrogatories, supplemental responses to requests to produce, and the remaining requested records, as detailed therein.

13. On January 17, 2024, the parties appeared in Court for a status hearing on discovery. Defendant Officer through counsel reported to the Court that Plaintiff has still not produced any supplemental discovery responses and records pursuant to the parties' December 18, 2023 agreement. Plaintiff through counsel represented all missing discovery would be produced by January 26, 2024. *See* Plaintiff's email correspondence attached as Exhibit I.

14. On January 29, 2024, Plaintiff sent Defendant Officer correspondence via email requesting additional time to complete and produce the supplemental answers and responses, and the missing records, as Plaintiff Justin Cosby "has been unavailable to meet". *See* Plaintiff's email correspondence attached as Exhibit J.

15. On January 30, 2024, Plaintiff's Counsel represented to Defendant Officer's Counsel via telephone call and subsequent email correspondence that the delay has been caused by Plaintiff Justin Cosby being non-responsive, and despite Plaintiff's Counsel's best efforts, his Counsel has been unable to reach him. *See* Plaintiff's Counsel's and Defendant Officer's Counsel's email correspondence attached hereto as Exhibit K.

16. Federal Rule of Civil Procedure 37(a)(3)(B) allows a party to move to compel a discovery response if a party fails to answer an interrogatory submitted under Rule 33 and if a party fails to produce documents as requested under Rule 34.

17. This Honorable Court entered an order closing fact discovery on Plaintiff's individual claims on March 22, 2024. *See* Dkt. #72.

18. Plaintiff's failure to properly respond to all written discovery that was served upon him on July 12, 2023, has significantly delayed the ascertainment of the truth and the development of the merits in this case, and has caused severe delays in the discovery process.

19. Defendant Officer is unable to issue certain subpoenas for records and for depositions due to Plaintiff withholding relevant information. By way of example, Plaintiff acknowledged during the 37.2 conference through counsel that he appeared on a Podcast with his friends who were present with him at the May 30, 2020 protest and discussed at length the events described in Plaintiff's Amended Complaint. Plaintiff has failed and/or refused to disclose who produced the Podcast, the channel that hosted the Podcast, the name of the Podcast episode, and all other relevant identifying information. Plaintiff has also failed to produce the Podcast episode. By way of further example, Plaintiff has failed to produce a single text message, social media post posted by Plaintiff, written correspondence, and summary of *any* conversation Plaintiff has had regarding the events and injuries contained in Plaintiff's Amended Complaint, despite admitting through Counsel that he spoke extensively to his family members and friends.

20. Plaintiff's original discovery production was due on August 9, 2023. Plaintiff has received almost six months of additional extensions and has still failed to comply with Defendant Officer's discovery requests in good faith. Plaintiff's delays and periods of non-participation in

the litigation he commenced have caused undue prejudice against Defendant Officer who has been impeded from proceeding with written and oral discovery due to Plaintiff's willful non-disclosures.

21. Therefore, pursuant to Federal Rule of Civil Procedure 37(a), Defendant Officer requests that this Court enter an Order, compelling Plaintiff to produce his supplemental Answers to Interrogatories, supplemental Responses to Requests to Produce, and missing records, as outlined in the parties' December 18, 2023 agreement, within 48 hours of entry of the Order. Fed. R. Civ. P. 37(a).

WHEREFORE, Defendant Officer GABRIEL RODRIGUEZ requests this Court to enter an Order compelling Plaintiff to produce his supplemental Answers to Interrogatories, supplemental Responses to Requests to Produce, and missing records within 48 hours of entry of that Order, and for any other relief deemed necessary and proper.

Respectfully submitted,

/s/     *Hilary L. Jabs*

Special Assistant Corporation Counsel

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Whitney N. Hutchinson
Hilary L. Jabs
Borkan & Scahill, Ltd
20 South Clark Street Suite 1700
Chicago, Illinois 60606
312-580-1030
*Attorneys for Defendant Officer Rodriguez*