# EXHIBIT A

## Cosby v. Rodriguez, et al

### Elena Favela <Elena@borkanscahill.com>
Wed 7/12/2023 4:12 PM

To:Brad Thomson <brad@peopleslawoffice.com>;Vanessa del Valle <vanessa.delvalle@law.northwestern.edu>;Ben Elson <ben@peopleslawoffice.com>;hakeemmuhammad@peopleslawoffice.com <hakeemmuhammad@peopleslawoffice.com>; Janine Hoft <janinehoft@peopleslawoffice.com>;Nora Snyder <norasnyder@peopleslawoffice.com>;jkennedy@taftlaw.com <jkennedy@taftlaw.com>;aslagel@taftlaw.com <aslagel@taftlaw.com>;adecker@taftlaw.com <adecker@taftlaw.com>;Murphy, Andrew S. <amurphy@taftlaw.com>
Cc:Graham Miller <GMiller@borkanscahill.com>;Hilary Jabs <hjabs@borkanscahill.com>;Whitney Hutchinson <WHutchinson@borkanscahill.com>

📎 5 attachments (581 KB)

COS - Defs. Rule 26(a)(1) Discl., Def. Off. 1st Set of Int., Def. Off. 1st RTP, & Not of Dep.pdf; Defendants' Joint 1st 26(a) Disclosures - Final.pdf; Def Off 1st Interrogatories - Final.pdf; Def Off 1st Request to Produce.pdf; Notice of Video dep - Plaintiff.pdf;

Good afternoon,

Please see attached.

Elena Favela
Legal Assistant
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
Tel: (312) 580-1030
Fax: (312) 263-0128

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COSBY,    )<br>         )<br>         )<br>    **Plaintiff,**    )<br>   v.    )<br>         )<br>**CHICAGO POLICE OFFICER GABRIEL**    )<br>**RODRIGUEZ, et al.,**    )<br>         )<br>    **Defendants.**    ) | **Case No.: 23 CV 02236** |

## CERTIFICATE OF SERVICE

To: Attorneys of Record
(See attached service list)

Graham P. Miller, an attorney certify I caused to be served: Defendants' Joint 26 (a)(1) Initial Disclosures, Defendant Officer's First Set of Interrogatories to Plaintiff, Defendant Officer's First Set of Requests to Produce to Plaintiff and Notice of Deposition, on the attorneys of record on <u>July 12, 2023,</u> at or before 5:00 p.m. from 20 South Clark Street, Chicago, Illinois, by:

( ) personal delivery; or
( ) depositing in a United States post office box with postage fully prepaid; or
( ) delivery via a third-party commercial carrier, with the delivery charge fully prepaid; or
( ) transmitting via facsimile from fax number 312-263-0128; or
(x) transmitting via email to the designated email address of record.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By: /s/ Graham P. Miller
        Graham P. Miller
        Special Assistant Corporation Counsel

BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

**Service List**

*Cosby v. Rodriquez, et al.*

**Attorneys for Plaintiff:**
Brad Thomson, Vanessa Del Valle, Ben H. Elson, Hakeem M. Muhammad,
Janine L. Hoft, Nora P. Snyder
People's Law Office
1180 N. Milwaukee Chicago, IL 60642
brad@peopleslawoffice.com; vanessa.delvalle@law.northwestern.edu; ben@peopleslawoffice.com;
hakeemmuhammad@peopleslawoffice.com; janinehoft@peopleslawoffice.com;
norasnyder@peopleslawoffice.com;

**Attorneys for Defendant G. Rodriquez:**
Steven B. Borkan, Timothy P. Scahill, Graham P. Miller, Whitney Newton Hutchinson, Hilary Jabs
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700, Chicago, IL 60603
sborkan@borkanscahill.com; tscahill@borkanscahill.com; gmiller@borkanscahill.com;
hjabs@borkanscahill.com; whutchinson@borkanscahill.com;  elena@borkanscahill.com

**Attorneys for Superintendent David Brown and City of Chicago:**
John F. Kennedy, Adam W. Decker, Allan T. Slagel, Andrew S. Murphy
Taft Stettinius & Hollister LLP
111 East Wacker Drive Suite 2800 Chicago, IL 60601
jkennedy@taftlaw.com; aslagel@taftlaw.com; adecker@taftlaw.com; amurphy@taftlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COSBY,<br><br>            Plaintiff,<br><br>    v.<br><br>CHICAGO POLICE OFFICER GABRIEL RODRIGUEZ (#12737), SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO,<br><br>            Defendants. | Case No. 1:23-cv-02236<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT OFFICER'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

NOW COMES Defendant, GABRIEL RODRIGUEZ ("Defendant Officer"), by and through his attorneys, Steven B. Borkan, Timothy P. Scahill, Whitney N. Hutchinson, Graham P. Miller, and Hilary L. Jabs, and pursuant to Federal Rule of Civil Procedure 33, requests that Plaintiff, JUSTIN COSBY, answer the following Interrogatories within 30 days:

**DEFINITIONS**

A. The term "case", "action", "litigation", or "Complaint" shall mean this instant matter, the case of *Cosby v. Rodriguez et. al.,* Case No. 1:23-cv-02236, pending in the United States District Court for the Northern District of Illinois Eastern Division.

B. The term "communication(s)" means and includes any oral or written exchange or transmission of words or ideas to another person, whether direct or through intermediaries, in any medium or format, including but not limited to, all discussions, conversations, negotiations, conferences, meetings, speeches, statements, questions, and/or any other audible transmissions, e-mail, computer disks, computer backup tapes, all printed, typed, handwritten, and/or other readable or viewable documents or tangible thing.

C. The term "document(s)" shall mean any kind of written, typewritten or printed materials: any tangible record of any form or statement, communication, or representation; and all other data compilation from which information can be obtained, including, but not limited to, writings and all non-identical copies and drafts thereof, notes, memoranda, letters, e-mails, calendars, appointment books, diaries, notes or minutes of meetings or conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer discs, computer tapes, computer cards, computer printouts,

1

tape and sound records, photo records, inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger sheets, canceled checks, invoices, bills, receipts, financial statements, or any other form of "writing" as defined in Illinois Supreme Court Rule 201.

D.  The term "state" shall mean to list with specificity all the information known about the communication, document, or subject matter.

E.  The terms "you," "your," or "Plaintiff" shall refer to Plaintiff Justin Cosby, his agents, assignees, representatives, or attorneys.

F.  The term "person(s)" shall mean any natural person or any legal entity, including a sole proprietorship, partnership, trust, firm, corporation, association, joint venture, estate, governmental agency, municipal corporation, unit of government, or other organization or association.

G.  The term "describe" shall mean to characterize, summarize, or otherwise convey the impression of how the events unfolded.

H.  "Identify" when used in reference to a natural person means to state his or her full name, present or last known business and home address, telephone number(s), and email address(s).

## INTERROGATORIES

1.  List the names, addresses, and telephone numbers of all persons who have knowledge of any facts relating to the occurrence(s) forming the basis for the allegations in Plaintiff's Amended Complaint and/or any injuries sought thereunder, the relationship of that person to the Plaintiff, and the precise subjects on which said persons have knowledge.

**ANSWER:**

2.  State your full name, date and place of birth, social security number, driver's license number, present residential address, your residential address on May 30, 2020, and all past residential addresses you have had within the last five (5) years, and if you have been known by any other name, please state all names by which you have been known, including nicknames, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**

3.  Describe in detail and in chronological order each occupation, job, or other source of income you have had at any time in the last five (5) years and with respect to each such occupation, job, or other source of income, state the name and address of the occupation, job, or provider of such source of income, the date of commencement and termination of such occupation, job, or other source of income, and the rate of compensation for each such occupation, job, or other source of income.

**ANSWER:**

4. Have you ever been convicted of any felony or a misdemeanor involving dishonesty or false statement? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this interrogatory, a plea of guilty or finding of guilty shall be considered a conviction.

**ANSWER:**

5. Have you ever been arrested or in custody for any crime within the last 10 years (including any traffic offenses or ordinance violations)? If so, state:

    (a)    The date and location of any such arrest or occurrence;
    (b)    The charges placed, if any;
    (c)    The name and location of each court where you were prosecuted;
    (d)    The court file and/or docket number;
    (e)    The disposition of any such arrest or occurrence, including any and all fines or sentences imposed; and
    (f)    The name and address of any attorneys who represented you.

**ANSWER:**

6. Have you ever been imprisoned, incarcerated, or jailed? If yes, please provide the dates of such confinement, the facility of such confinement, the underlying charge or conviction for which such confinement related, and the date of release.

**ANSWER:**

7. In connection with any medical, physical, psychiatric, emotional, or other treatment or consultation obtained with respect to any condition or injury during the five-year period immediately preceding the events referred to in your Amended Complaint, please set forth the following:

    (a)    Identify all physicians, doctors, psychiatrists, psychologist, or other persons from whom you received treatment or therapy for the injury;
    (b)    Identify all physicians, doctors, psychiatrists, psychologist, or other persons whom you consulted for the injuries or condition;
    (c)    Identify each hospital, clinic, sanitarium, or other institution in which you were either an in-patient in connection with the condition or injuries detailed in the First Amended Complaint; and
    (d)    With respect to the treatment, consultation or confinement referred to in the preceding three subparagraphs, set forth the date, or inclusive dates, or such treatment, consultation, or confinement.

**ANSWER:**

8. In relation to any psychiatric, psychological and/or emotional injuries Plaintiff is claiming as a result of the events alleged in Plaintiff's Amended Complaint, please state:

3

(a) The name and nature of any psychiatric, psychological and/or emotional injury claimed, including and all related symptoms, and the name and address of each psychiatrist, physician, psychologist, therapist, counselor, or other health care professional rendering treatment for such injury;

(b) Whether you have sought treatment for and/or been diagnosed with any psychiatric, psychological, or emotional condition(s) prior to the date of the events alleged in the Amended Complaint;

(c) If (b) is in the affirmative, the date on which such treatment was sought and/or diagnosed, the nature of any such treatment and/or diagnosis, and the name and address of each psychiatrist, physician, psychologist, therapist, counselor, or other health care professional rendering treatment for such conditions.

9. Have you ever filed or been a party to any other suits seeking recovery for personal injuries or civil rights violations? If so, state the nature of the injuries claimed, the court and caption in which filed, the years filed, and the disposition of any such suits.

**ANSWER:**

10. Have you or anyone acting on your behalf had any conversations, or do you know of any statements, with or by any person at any time relating to the events and/or occurrences leading up to or forming the basis for the allegations in the Amended Complaint? If so, state the date(s) and place(s) of any such conversation or statements, the names, addresses, and telephone numbers of all persons present for any such conversation or statements, the matters and things stated by the person(s) during the conversations and/or statements, whether such conversations or statements were oral, written and/or recorded. To the extent any such statements or conversation were recorded in any medium, please produce any such statements or conversation pursuant to Fed. R. Civ. P. 34.

**ANSWER:**

11. Describe in detail, and without resort to factual or legal conclusions, all the facts on which you base your allegations in the Amended Complaint that:

(a) Defendant Officer Rodriguez beat you;

(b) Defendant Officer Rodriguez falsely arrested you;

(c) Defendant Officer Rodriguez used excessive force against you;

(d) Defendant Officer Rodriguez used excessive force and/or unlawful detention and arrest, and/or suppressed your right to freedom of speech and assembly, because you are black;

4

(e) Defendant Officer Rodriguez reached an understanding, engaged in a course of conduct, and otherwise acted jointly and/or conspired against you, to violate your constitutional rights, because you are black;

(f) Defendant Officer Rodriguez knowingly searched and seized your property without a warrant, probable cause or legal justification;

(g) Defendant Officer Rodriguez took concrete steps to enter into an agreement to unlawfully use force against you, and to detain and arrest you, knowing he lacked reasonable suspicions and/or probable cause to do so, for the purpose of violating your constitutional rights;

(h) Defendant Officer Rodriguez stood by without intervening to prevent the violation of your constitutional rights even though he had an opportunity to do so;

(i) Defendant Officer Rodriguez physically abused you by slamming you to the ground, striking and beating you with batons, stomping you, and/or handcuffing your wrists too tightly; and

(j) Defendant Officer Rodriguez initiated and continued a malicious prosecution without probable cause against you.

This answer should include, but should not be limited to, specifically describing each and every action taken by Defendant Officer Rodriguez, that you claim comprised excessive force and other constitutional violations, and state the particular injury suffered by you as a result of each such action. In so doing, state all the facts on which you base any allegations of intentional misconduct by Defendant Officer Rodriguez in this regard.

**ANSWER:**

12. State all injuries, ailments, pains, and disabilities you claim to have suffered as a result of the occurrence alleged in the Amended Complaint. State the date you recovered from the effects of any or all of the aforesaid, or whether any of the aforesaid are permanent. If permanent, please explain, in layman's terms, how your life has been affected by the allegedly permanent injury, ailment, pain, illness and/or disability.

**ANSWER:**

13. Describe in detail and quantify any and all damages and injuries for which you seek recovery in this suit. In so doing, provide any and all calculations thereof and provide any and all documents supporting such calculations pursuant to Fed. R. Civ. P. 34.

**ANSWER:**

14. On May 30, 2020, did you own or regularly use any cellphone? If so, state the telephone number, account number, service carrier, make and model, individual in whose name

account for such device was retained (if not in your own name), whether you still retain this device, and whether you still use the telephone number or account used during this period.

**ANSWER:**

15. Describe in detail any and all interactions, relationships, conversations or encounters of any type you have had with Defendant Officer Rodriguez occurring prior to the events alleged in your Amended Complaint, the nature of such interactions, relationships, conversations or encounters, and the dates of such interactions, relationships, conversations or encounters.

**ANSWER:**

16. During any of your interactions with Defendant Officer Rodriguez or any other Chicago Police Officers on May 30, 2020, did you request that any officer summon an ambulance for you, otherwise summon medical assistance on your behalf, or directly administer medical assistance to you? If so, please identify, the words you used to request such assistance, at what point during the events of May 30, 2020 such request was made, the response to such request, and all individuals with knowledge of such request.

**ANSWER:**

17. Describe your intention, purpose, and reasoning for bringing a large toy pistol water gun to the May 30, 2020 protest.

**ANSWER:**

18. Describe how spraying water in Chicago Police Department Officers' eyes is a lawful constitutionally protected activity, as alleged in your Amended Complaint.

**ANSWER:**

19. Describe in detail with specific references to time of your movements and exact whereabouts from 6 a.m. to until 8:40 p.m. on May 30, 2020. In so doing, identify each and every person you spoke to or otherwise interacted with during such period of time (particularly persons with whom you were with at the time of the incident in question), any addresses, businesses, or agencies at which you were present at any time during said period, and the means and method by which you traveled during said period of time (vehicle, bus, elevated train, etc.)

**ANSWER:**

                                      Respectfully submitted,

                                      BORKAN & SCAHILL, LTD.

                                      By: /s/Graham P. Miller
                                                Graham P. Miller

Steven B. Borkan
Timothy P. Scahill
Whitney N. Hutchinson
Graham P. Miller
Hilary L. Jabs
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Defendant Officer Rodriguez*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COSBY,<br><br>                Plaintiff,<br><br>     v.<br><br>CHICAGO POLICE OFFICER GABRIEL RODRIGUEZ (#12737), SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO,<br><br>                Defendants. | Case No. 1:23-cv-02236<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT OFFICER'S FIRST SET OF
REQUESTS TO PRODUCE TO PLAINTIFF**

       NOW COMES Defendant, GABRIEL RODRIGUEZ ("Defendant Officer"), by and through his attorneys, Steven B. Borkan, Timothy P. Scahill, Whitney N. Hutchinson, Graham P. Miller, and Hilary L. Jabs, and pursuant to Fed. R. Civ. P. 34 propounds the following Requests for Production of Documents to be answered within thirty days after service hereof:

**INSTRUCTIONS**

       The terms "document" or "documents" or "record or "records" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, and shall include any electronic, handwritten, typed, photographed, computerized, audio, video, or other graphic matter regardless of how it is printed, stored or reproduced, in your possession, control, or custody or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. If there are no documents or records in your possession, custody, or control which are responsive to a particular request, so state and identify such request. If any documents or records exist that are not in your possession, custody, or control, identify such documents or records and the person or entity who has possession, custody, or control thereof. This Request requires you to perform an exhaustive examination of all physical files as well as electronic files, servers, all personal and employer-based e-mail accounts, and hard drives of all computers.

       The terms "communication" or "communications" shall include any form of written, oral, electronic, handwritten, typewritten, voice message, text message, or communicative marking of any sort, regardless of format, including, but not limited to, letters, notes, text messages, BlackBerry or other messaging device messages, voice mails, e-mails, or messages exchanged through any social networking site. This Request requires you to perform an exhaustive examination of all physical files as well as electronic files, servers, all employee e-mail accounts, and hard drives of all computers.

1

**PRODUCTION REQUESTS**

1. All documents which relate to, bear upon, or purport to provide evidence of the subject matter of this litigation in any manner whatsoever, including all documents which support or are otherwise related in any manner whatsoever to the matters pleaded in Plaintiff's Amended Complaint.

**RESPONSE:**

2. All documents or communications in Plaintiff's possession, custody, or control relating in any way to Defendant Officer Rodriguez.

**RESPONSE:**

3. Any and all statements or interviews by any party, persons or witnesses who have knowledge of, and which relate to, bear upon, or purport to provide evidence or opinions of, the matters pleaded in Plaintiff's Amended Complaint.

**RESPONSE:**

4. Any and all social media posts which relate to, bear upon, or purport to provide evidence of the subject matter of this litigation in any manner whatsoever, including all documents which support or otherwise related in any manner whatsoever to the matters pleaded in Plaintiff's Amended Complaint.

**RESPONSE:**

5. Any and all photographs and videos which relate to, bear upon, or purport to provide evidence of the subject matter of this litigation in any manner whatsoever, including all documents which support or otherwise related in any manner whatsoever to the matters pleaded in Plaintiff's Amended Complaint.

**RESPONSE:**

6. Any and all medical, psychological, psychiatric, counseling, therapy and mental health records and all other documents retained by Plaintiff, including all documents within Plaintiff's possession, custody, or control, or by any providers of such services concerning Plaintiff, relating to the assertions and claims for injury and damages set forth in Plaintiff's Amended Complaint.

**RESPONSE:**

7. Any and all communications, including electronic, written and oral, between Plaintiff and any third-party, referencing or relating to Plaintiff's arrest on May 30, 2020, the events preceding and leading up to Plaintiff's arrest, or any of the allegations contained in Plaintiff's Amended Complaint. As set forth in the definitions section above, this Request requires you to obtain

and produce all communications regardless of format, including, but not limited to, letters, notes, text messages, e-mails, or messages exchanged through any social networking site. Defendants also request that all such materials be produced in both written and electronic format.

**RESPONSE:**

8.  Any and all documents, electronic or otherwise, or any other evidence, supporting Plaintiff's claims that Plaintiff has suffered extreme mental distress, anguish and fear as a result of Defendant Officer's actions.

**RESPONSE:**

9.  Any and all documents, electronic or otherwise, or any other evidence, supporting Plaintiff's claims that Plaintiff has suffered loss of property as a result of Defendant Officer's actions.

**RESPONSE:**

10. Any and all documents, electronic or otherwise, or any other evidence, supporting Plaintiff's claims that Plaintiff has suffered pain and suffering as a result of Defendant Officer's actions.

**RESPONSE:**

11. Any and all physical or tangible materials of any kind in Plaintiff's possession, custody, or control relating to the occurrence(s) alleged in Plaintiff's Amended Complaint or relating to the events and/or occurrences leading up to or forming the basis for the allegations in Plaintiff's Amended Complaint.

**RESPONSE:**

12. Any and all records pertaining to the mental health treatment of Plaintiff for the 5 years preceding the incident(s) alleged in the Amended Complaint (all records of treatment since May 30, 2015).

**RESPONSE:**

13. Any and all documents in the possession, custody or control of Plaintiff and/or Plaintiff's attorney(s) pertaining to Plaintiff's mental and/or physical health on May 30, 2020 and for 5 years prior to that date (all records of treatment since May 30, 2015).

**RESPONSE:**

14. Any and all documents in the possession, custody or control of Plaintiff and/or Plaintiff's attorney(s) pertaining to Plaintiff's mental and or physical health from May 30, 2020 to the present date.

**RESPONSE:**

15. Any and all employment records or wage records relating to any claim of lost income or financial injury by Plaintiff.

**RESPONSE:**

16. Copies of Plaintiff's Federal and State tax returns for the last five years (2018-2022).

**RESPONSE:**

17. Any and all documents, records, statements, affidavits, audio or video recordings, or any communications relating to the communications that plaintiff's attorney(s), investigator(s) or agent(s) had with any witnesses or potential witnesses relating to this case.

**RESPONSE:**

18. Any FOIA requests and responses, including any and all related materials or documents, received by or on behalf of Plaintiff in connection with the incidents described in your Amended Complaint.

**RESPONSE:**

19. Any and all documents, records, or communications relating in any way to Plaintiff's mental state, sobriety or insobriety, substance use or abuse, or mental, emotional, or behavioral capacity in the twelve (12) month preceding Plaintiff's arrest on May 30, 2020. Please also produce a duly executed HIPAA release for each provider of any such services.

**RESPONSE:**

20. Any and all notes, notations, diaries, calendars, or other similar record-keeping materials regardless of format (written or electronically stored) on which any information relating to the claims, occurrence(s), or damages alleged in Plaintiff's Amended Complaint have been stored.

**RESPONSE:**

21. All documents, records, notes, or communications created by Plaintiff relating to the allegations in Plaintiff's Amended Complaint or any claimed damages in this case including, but not limited to, any personal diaries or journals created by Plaintiff.

**RESPONSE:**

22. Copies of any statements, photos, audio or video recordings relating in any way to the incidents alleged in Plaintiff's Amended Complaint.

**RESPONSE:**

23. Any and all documents referred to or identified in Plaintiff's Answers to Interrogatories.

**RESPONSE:**

24. Any and all documents relating to Defendant Officer that Plaintiff or Plaintiff's attorneys have obtained at any time. This includes any copies of complaint register files or reports, media reports, newspaper clippings, internet postings, videos (of news footage or otherwise), communications with other attorneys, and copies of any lawsuits or court files regarding Defendant Officer.

**RESPONSE:**

25. Any and all documents and/or other materials received from any third party (by subpoena or otherwise), including but not limited the Illinois Attorney General's Office, Cook County States's Attorney's Office, the Chicago Tribune or any newspaper or journalist, Circuit Court of Cook County, Illinois Appellate Court, United States District Court, Northern District of Illinois, United States Court of Appeals, Seventh Circuit, relating to the occurrence(s) alleged in Plaintiff's Amended Complaint, any alleged damages sustained by Plaintiff or relating in any way to this litigation or the claims made in Plaintiff's Amended Complaint.

**RESPONSE:**

26. Any and all documents, records, statements, or communications relating to the communications that Plaintiff's attorney(s) had with any witnesses or potential witnesses relating to this case. For any items that would otherwise be responsive to this Request except that privilege is being asserted, please generally describe the item and state the privilege asserted and basis for not producing said item.

**RESPONSE:**

27. Any and all communications or documents relating to any expert witness (or prospective expert witness) consulted by Plaintiff or Plaintiff's attorneys regarding this case including, but not limited to, any documents relating to any opinions rendered by any such expert or prospective expert and any written or electronic correspondence exchanged between Plaintiff's attorneys and such expert or prospective expert regardless of whether specific opinions are contained therein.

**RESPONSE:**

28. Any and all documents, exhibits, photographs, videos, recordings, objects, or tangible things which Plaintiff intends to use, reference or rely upon at trial of this matter.

**RESPONSE:**

29. All documents and things that Plaintiff will seek to admit into evidence in this case.

**RESPONSE:**

5

30. A privilege log for any information, document, and/or thing that Plaintiff claims to be privileged and non-discoverable, or attorney-work product.

**RESPONSE:**

31. Any and all "demonstrative" aids or exhibits that may be used at trial in this case. To the extent responsive documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

**RESPONSE:**

32. Any and all documents and communications on which Plaintiff will rely to support his claims for damages in this case or otherwise bear on the injuries or damages alleged in the Amended Complaint.

**RESPONSE:**

33. An Affidavit of the Plaintiff stating that the production is complete in accordance with this request and Supreme Court Rule 214.

**RESPONSE:**

    Respectfully submitted,

    BORKAN & SCAHILL, LTD.

    By: /s/Graham P. Miller
        Graham P. Miller

Steven B. Borkan
Timothy P. Scahill
Whitney N. Hutchinson
Graham P. Miller
Hilary L. Jabs
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Defendant Officer Rodriguez*