# EXHIBIT E

Re: Cosby v. Rodriguez-Plaintiff's Discovery Requests

Hilary Jabs <hjabs@borkanscahill.com>
Thu 11/2/2023 5:35 PM

To: Sheila A Bedi <sheila.bedi@law.northwestern.edu>; Kennedy, John <jkennedy@taftlaw.com>; Murphy, Andrew S. <AMurphy@taftlaw.com>; ben <ben@peopleslawoffice.com>
Cc: Graham Miller <GMiller@borkanscahill.com>; hakeemmuhammad@peopleslawoffice.com <hakeemmuhammad@peopleslawoffice.com>; Slagel, Allan T. <aslagel@taftlaw.com>; brad <brad@peopleslawoffice.com>; janinehoft <janinehoft@peopleslawoffice.com>; Decker, Adam W. <ADecker@taftlaw.com>; Tim Scahill <TScahill@borkanscahill.com>; Vanessa del Valle <vanessa.delvalle@law.northwestern.edu>; Steven Borkan <sborkan@borkanscahill.com>; Whitney Hutchinson <WHutchinson@borkanscahill.com>; norasnyder <norasnyder@peopleslawoffice.com>

1 attachments (171 KB)
2023.11.02 37.2 Letter to Plaintiff's Counsel.pdf;

Ms. Bedi,

Attached please find Defendant Officer's 37.2 correspondence for your review. Please accept this letter in the spirit of Local Rule 37.2 and tender Plaintiff Cosby's Response to Defendant Officer's Requests to Produce within seven days, on or before November 9, 2023. Further, please provide your availability for a 37.2 conference to discuss the deficiencies in Plaintiff Cosby's Answers to Interrogatories as outlined herein.

Thank you,

**BORKAN**
**& SCAHILL** LTD.

Hilary L. Jabs
Borkan & Scahill Ltd.
Two First National Plaza
20 South Clark St., Suite 1700
Chicago, Illinois 60603
(312) 580-1030
hjabs@borkanscahill.com

---

**From:** Sheila A Bedi <sheila.bedi@law.northwestern.edu>
**Sent:** Tuesday, October 3, 2023 7:32 PM
**To:** Hilary Jabs <hjabs@borkanscahill.com>; Kennedy, John <jkennedy@taftlaw.com>; Murphy, Andrew S. <AMurphy@taftlaw.com>; ben <ben@peopleslawoffice.com>
**Cc:** Graham Miller <GMiller@borkanscahill.com>; hakeemmuhammad@peopleslawoffice.com <hakeemmuhammad@peopleslawoffice.com>; Slagel, Allan T. <aslagel@taftlaw.com>; brad <brad@peopleslawoffice.com>; janinehoft <janinehoft@peopleslawoffice.com>; Decker, Adam W. <ADecker@taftlaw.com>; Tim Scahill <TScahill@borkanscahill.com>; Vanessa del Valle <vanessa.delvalle@law.northwestern.edu>; Steven Borkan <sborkan@borkanscahill.com>; Whitney Hutchinson <WHutchinson@borkanscahill.com>; norasnyder <norasnyder@peopleslawoffice.com>
**Subject:** Cosby v. Rodriguez-Plaintiff's Discovery Requests

Counsel: Please find attached Plaintiff's First set of Interrogatories and Requests for Production for Defendant Rodriguez and the City of Chicago. Thanks, s



Two First National Plaza
20 South Clark St., Suite 1700
Chicago, Illinois 60603

November 2, 2023

**Sent Via Electronic Transmission**
Sheila A. Bedi
Northwestern Pritzker School of Law
375 E. Chicago Ave., 8th Floor
Chicago, Illinois 60611
sheila.bedi@law.northwestern.edu

Re:   *Cosby v. Rodriguez, et al.* Case No.: 23-cv-2236

Dear Ms. Bedi,

On July 12, 2023, our office issued Defendant Officer Rodriguez's First Set of Interrogatories and First Set of Requests to Produce to Plaintiff Justin Cosby, which were due on August 9, 2023. On August 4, 2023, you requested a thirty-day extension to September 8, 2023, to which we agreed. On August 29, 2023, you requested a second extension to September 15, 2023, to which we agreed. On September 15, 2023, Plaintiff Cosby issued his Answers to Defendant Officer Rodriguez's First Set of Interrogatories in addition to certain documents bate stamped 000169-000456.

To date, we have not received Plaintiff Cosby's Response to Defendant Officer Rodriguez's Requests to Produce and are unable to determine if the produced documents are a complete production. Further, upon review of Plaintiff's Answers to Interrogatories, we have noted numerous deficiencies, which are detailed below. Notably, Plaintiff objected to almost every interrogatory issued. Plaintiff's objections must state whether any responsive information is being withheld on the basis of the asserted objection. Finally, Plaintiff's answers are ambiguous as to whether the answers provided, subject to Plaintiff's objection, are partial answers or complete answers as required by Fed. R. Civ. P. 33. We write pursuant to Local Rule 37.2 to address the following deficiencies.

Plaintiff's Answers to Defendant Officer's First Set of Interrogatories:

**General Objections:**   Plaintiff's General Objections appear to be directed at Defendant Officer's Requests to Produce and not to Plaintiff's Answers to Interrogatories. Please advise if these General Objections were purposefully included in Plaintiff's Answers to Interrogatories.

   **1.**   In response to Plaintiff's objection on the grounds that the request seeks information in control of the Defendants, the interrogatories issued to Plaintiff are seeking information that Plaintiff has knowledge of, not information that may be known to any third-party including Defendants. Therefore, please confirm whether Plaintiff's interrogatory answers are complete with regard to *Plaintiff's* knowledge with respect to the requested information. In response to Plaintiff's objection on the grounds that the request seeks information and records which may be protected by the attorney-client privilege and work product doctrine, please produce a privilege log identifying which specific information

Plaintiff is withholding and claims to be either privileged or attorney-work product and the basis for such assertion.

In both Plaintiff's 26(a)(1) Disclosures and Answer to Interrogatory #1, Plaintiff has failed to provide the addresses and phone numbers of Plaintiff's disclosed witnesses, specifically, Mr. Crocker, Mr. Patterson, Ms. Cosby-Bond, Mr. Jonathan Cosby, and Mr. Daniel Cosby. Please confirm Plaintiff's Counsel has an attorney-client relationship with these individuals, advise whether Plaintiff's Counsel will be representing all five witnesses at their depositions, and confirm Plaintiff's counsel will accept service of deposition and record subpoenas on their behalf. If Plaintiff's Counsel is not representing these individuals, then please supplement this response by providing the individuals' addresses and phone numbers. Finally, please confirm that "Gilbert Rodriguez" is Defendant Officer Gabriel Rodriguez.

2. Plaintiff has failed to provide his residential address for the past five years. Please also provide the dates Plaintiff has used the alias Darryl Alexander and the reason Plaintiff has used this alias, including on the date of Plaintiff's arrest. Finally, the address Plaintiff provided as his residential address on May 30, 2020 is not a complete and accurate address. Please supplement this response.

3. Please provide the addresses for the employers listed.

5. In relation to Plaintiff's arrest on October 1, 2022 for vandalism, please provide the location of Plaintiff's arrest, and the name and address of any attorney who represented Mr. Cosby.

7. The records Plaintiff produced in response to this request, specifically Bates 83-168 relating to hospital visits on June 2, 2020 and May 2, 2021, are not within the requested timeframe of Interrogatory #7, which requests information for the five-year period preceding the events referenced in Plaintiff's Complaint that occurred on May 30, 2020. Plaintiff's Answer is entirely insufficient as it is not responsive to any of the information requested. Please provide an answer to Interrogatory #7 that includes information for all medical providers and/or mental health providers that Plaintiff consulted with or received treatment from for any injuries or conditions over the five-year period preceding May 30, 2020.

8. Please provide the basis for your objection that Interrogatory #8 is overly broad and unduly burdensome. Plaintiff failed to answer Interrogatory #8 in its entirety. Plaintiff directs Defendant Officer to records produced in response to this request, specifically Bates 83-168 relating to hospital visits on June 2, 2020 and May 2, 2021; however, these records are non-responsive to this Interrogatory, which requests information relating to Plaintiff's claimed psychiatric, psychological and/or emotional injuries. Plaintiff claims to have suffered "pain and suffering, extreme mental distress, anguish and fear." (See paragraph #55 of Plaintiff's Second Amended Complaint.) Plaintiff also claims to have suffered "debilitating anxiety, fear of being alone, anxiety and intrusive thoughts whenever he leaves the house, frequent panic attacks during which he struggles to breathe, a racing heart, and serious stomach discomfort". (See Answer to Interrogatory #12.) Pursuant to Plaintiff's claims, please provide an answer to Interrogatory #8.

10. Interrogatory #10 seeks information regarding conversations Plaintiff had with any individuals, and/or statements made by Plaintiff or any other individuals, relating to the

facts, events, occurrences, and/or injuries alleged in Plaintiff's Complaint, and identification of said individuals. Please provide the basis for your objection that Interrogatory #10 seeks information that is not relevant to Plaintiff's claims and not proportional to the needs of this case. Plaintiff also objects on the grounds that the request seeks information and records which may be protected by the attorney-client privilege and work product doctrine. Accordingly, please produce a privilege log identifying which specific information Plaintiff is withholding and claims to be either privileged or attorney-work product and the basis for such assertion.

Based upon the plain reading of Plaintiff's Answer to Interrogatory #10, Plaintiff appears to be claiming he did not have any conversations with any individuals about the events and occurrences on May 30, 2020, and the only statements made relating to the events on May 30, 2020 were third-party statements posted on social media, primarily by strangers without any knowledge of the actual events. Presumably, family members and friends would be among this group, yet Plaintiff identifies none. Further, this request asks Plaintiff to produce any recorded statements. Plaintiff participated in at least one documentary that is specifically related to Plaintiff Cosby and the events that occurred on May 30, 2020, yet Plaintiff failed to produce this documentary. Presumably, Plaintiff discussed these events with the producer of the documentary yet fails to identify the producer. In the documentary, Plaintiff is recorded making public statements and admits to having had additional conversations with other individuals such as an attorney outside of the precinct yet fails to identify any of these individuals, any of the conversations, or any statements. Plaintiff's answer to this request is wholly insufficient. Please provide a complete answer to Interrogatory #10.

11. Please provide the basis for your objection that Interrogatory #11 seeks information available to Defendant Officer Rodriguez. Plaintiff directs Defendant Officer to the allegations contained in Plaintiff's Complaint; however, Plaintiff's Complaint does not contain any allegations specific to Defendant Officer Rodriguez that is responsive to the information requested. Please provide an answer to Interrogatory #11.

13. Interrogatory #13 seeks, in part, a method, formula, or theory of itemizing damages. In response, Plaintiff Cosby directs Defendant Officer Rodriguez to Plaintiff's Complaint. However, Plaintiff fails to identify a method, formula, or theory of itemizing damages, or quantifying his sought damages and alleged injuries. Please supplement this response.

14. Please provide the basis for your objection that Interrogatory #14's request for Plaintiff's cellphone information that Plaintiff had, used or owned on May 30, 2020 is irrelevant and not limited in time, and the discovery of which is not likely to lead to information that would be admissible at trial.

16. Please provide the details requested by Interrogatory #16; specifically, who Plaintiff requested medical care from, what type of medical care Plaintiff requested, where Plaintiff was located when he made that request, the words Plaintiff used in making that request, and the names of any individuals with knowledge of Plaintiff's request. Additionally, please state whether Plaintiff requested for his zip ties to be removed, the words Plaintiff used in making that request, which paramedic removed Plaintiff's zip ties, where Plaintiff was located when his zip ties were removed, and the names of any individuals with knowledge of Plaintiff's request.

  **18.**  Please provide your basis for claiming Interrogatory #18 mischaracterizes Plaintiff Cosby's actions. Further, Plaintiff claims he was engaged in lawful constitutionally protected activity prior to the commencement of his arrest. (See Paragraphs 53-54 of Plaintiff's Second Amended Complaint). Please clarify this allegation.

  **19.**  Interrogatory #19 requests a summary of Plaintiff Cosby's whereabouts and movements on May 30, 2020, the date in question. You object that this is not likely to lead to information that would be admissible at trial. This objection is untenable. Please provide a fulsome response. Please also provide the names of Plaintiff's "friends" that Plaintiff met at Daley Plaza, and which friends he was with throughout the duration of this time period. Please also include any other known individuals to Plaintiff Cosby that he interacted with on May 30, 2020.

Please accept this letter in the spirit of Local Rule 37.2 and tender Plaintiff Cosby's Response to Defendant Officer's Requests to Produce within seven days, on or before November 9, 2023. Further, please provide your availability for a 37.2 conference to discuss the deficiencies in Plaintiff Cosby's Answers to Interrogatories as outlined above.

                Respectfully submitted,

            By:  /s/ Hilary L. Jabs
                Hilary L. Jabs
                Special Assistant Corporation Counsel

BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603
(312) 580-1030