# EXHIBIT H

Cosby: 37.2 Conference

Hilary Jabs <hjabs@borkanscahill.com>
Mon 12/18/2023 9:14 PM

To:Sheila A Bedi <sheila.bedi@law.northwestern.edu>
Cc:Murphy, Andrew S. <AMurphy@taftlaw.com>;Whitney Hutchinson <WHutchinson@borkanscahill.com>;Graham Miller <GMiller@borkanscahill.com>

Hi Sheila,

To memorialize our 37.2 conference today, please find the following summary:

**Privilege Asserted:** You held out you are not withholding any information or documents that relate to Justin Cosby pursuant to your asserted attorney-client privilege and work product doctrine, and that this privilege is being asserted only in relation to you having information or documents in your possession that relate to other plaintiffs in other severed cases and other individuals who testified in hearings but are not part of the original case.

**Answers / Responses Subject to Objections:** You held out that the answers and responses you provided subject to your objections were exhaustive.

**Plaintiff's Social Media Posts and Activity:** Mr. Cosby claims the social media accounts he had active on May 30, 2020, were deactivated shortly thereafter and that he is only recently back on certain social media platforms. You agreed to provide me with a list of his social media handles that he was using or were in effect on May 30, 2020, with general descriptions of what occurred with each account and the estimated timeframe (such as when deactivated), and a list of his current social media handles.

**Plaintiff's Phone and Texts:** Mr. Cosby claims the phone he was using on May 30, 2020 is no longer in his possession. You agreed to provide me with his old phone account number and the name on the account, whether he still uses the same cell phone number, carrier and account, and whether he still uses the same iCloud email address as he used on his phone from May 30, 2020. You further agreed to ask Mr. Cosby to produce text messages that relate to his claims of mental distress.

**Plaintiff's Physical Health Records:** You confirmed that besides the records produced and one visit from years ago for strep throat, that Mr. Cosby has not received any other physical health treatment for which there would be records through present time.

**Plaintiff's Mental Health Records:** Plaintiff claims to have suffered "pain and suffering, extreme mental distress, anguish and fear." and "debilitating anxiety, fear of being alone, anxiety and intrusive thoughts whenever he leaves the house, frequent panic attacks during which he struggles to breathe, a racing heart, and serious stomach discomfort". You confirmed that Mr. Cosby has not sought or received any mental health counseling or treatment in relation to his alleged emotional and mental injuries. You clarified that your objection to producing these records is because you are only seeking damages for garden variety emotional injuries and that Mr. Cosby's mental health treatment for other issues not related to the May 30, 2020 incident including treatment for depression in adolescence and current therapy is not relevant. You mentioned you would be relying upon testimony from his mother and brothers regarding his mental health and not any treatment provider. We are requesting mental health records and treatment that directly relates to his debilitating anxiety, extreme mental distress, panic attacks, and fear of being alone, that he claims is a result of the May 30, 2020 incident. You are standing on your objection.

**Documentary and Podcast:** You agreed to provide me with the contact information for Ben Hamer and Ben Wolf. You also agreed to provide me with a general description of the podcast on Justin Cosby, the length of time, who else participated and appeared on the podcast, a description of what was discussed.

**Timeline of Events on 5/30/20:** You agreed to provide me with a more detailed timeline pursuant to Interrogatory #19 including who he was with and who "some friends" are, who he spoke to, who he knew or recognized at the protest, where he marched, and how he spent his time from when he arrived at the demonstration through his arrest. Pursuant to Interrogatory #16, you also agreed to provide me with more details relating to Mr. Cosby's request for

medical assistance, such as where he was when he made these requests (squadrol, police station, holding cell, etc) and what type of medical assistance he was specifically asking for.

**GoFundMe:** You agreed to produce all records relating to Mr. Cosby's GoFundMe account and use of those funds.

**Financial Information/Records:** You confirmed Mr. Cosby will not be seeking lost wages. You agreed to ask Mr. Cosby whether he will be seeking lost income, and if so, to produce the related financial records.

**Interrogatories #11 and #14:** Pursuant to 37.2 Correspondence, we requested a supplemental answer which was not included in your recent production,.

**Witness Information:** You held out that you would be representing Mr. Cosby's family members at their depositions and were in the process of agreeing to represent Mr. Cosby's friends (Patterson and Crocker) at their depositions. You have agreed to provide Patterson's and Crocker's addresses and telephone numbers in the event you do not represent them at their depositions.

**Alias Used:** Pursuant to Interrogatory #2, you agreed to provide an explanation for why Mr. Cosby used the name "Darryll Alexander" when he was arrested.

**Request #19:** We agreed I would amend this request in relation to the timeline and you would then respond based upon the amendment. We will amend via separate email.

You confirmed with Mr. Murphy that your discovery responses in Brown would be produced by end of this week. Please let me know if anything from my above summary is incorrect.

Kindly,

**BORKAN
& SCAHILL LTD.**

Hilary L. Jabs
Borkan & Scahill Ltd.
Two First National Plaza
20 South Clark St., Suite 1700
Chicago, Illinois 60603
(312) 580-1030
hjabs@borkanscahill.com

NOTICE: This communication may contain privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege.